# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

DONALD DAVIS & PATTI DAVIS,
husband and wife,

    Plaintiffs,                                    CASE NO. 06-CV-13458

v.                                          DISTRICT JUDGE THOMAS LUDINGTON
                                            MAGISTRATE JUDGE CHARLES BINDER

BLACK & DECKER (U.S.), INC.,
a foreign corporation, d/b/a DeWalt
Industrial Tool Co.,

    Defendant.

_____/

## ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND DEFENDANT'S MOTION TO COMPEL DEPOSITION OF PLAINTIFFS' EXPERT
(Dkt. 23, 25 )

> This order is entered under the authority given to this Magistrate Judge
> by an Order of Reference issued by District Judge Thomas L. Ludington
> pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff's motion for sanctions seeks the entry of a default judgment against the Defendant, summary judgment on liability issues, attorney fees, and a request that the Defendant be compelled to completely respond to interrogatories

After considering the arguments made in the pleadings and supplemented by oral argument, I conclude first that many of the issues raised in this motion, particularly revolving around Mr. Vick's testimony, are best raised before a jury at trial. It is my belief that Plaintiff's complaint went beyond the minimum requirements of notice pleading, and Defendant's assertions that they did not understand the nature of Plaintiff's claims is somewhat disingenuous.

Although Plaintiff points to the multiple times that Defendant has supplemented its discovery responses, I cannot find the fact that a Defendant has supplemented earlier responses,

by itself, sufficient to justify either a recommendation of dismissal for failure to comply with the discovery rules, or the requested summary judgment. As to the latter, I further conclude that I lack the authority to issue a such a finding as the parties have failed to raise that issue in the appropriate form. Furthermore, I have no reference from Judge Ludington for the issuance of such relief.

As to Plaintiff's request for dismissal, F. R. CIV. P. 37 does give me the authority to consider the request for entry of default judgment. I am concerned with the arguable tardiness in some of the supplementation made by Defendant. I am also concerned that experts have been designated by Defendant in apparent compliance with the requirements of F. R. CIV. P. 26, but nonetheless with timing such that it makes their depositions very difficult to schedule. Nevertheless, I am constrained to conclude that Defendant's actions, while of concern, do not rise to a level sufficient to justify the recommendation of the most severe sanction under Rule 37.

For these reasons, Plaintiff's motion for sanctions is **GRANTED IN PART.** Unless Judge Ludington extends the time for discovery, Defendant will be precluded from producing at trial any written evidence not produced prior to the close of discovery. Defendant is further precluded from presenting at trial any witnesses, including expert witnesses, who have not been deposed as of today's date.

Turning to the Defendant's motion relating to the deposition of Plaintiff's expert, the federal rules and case law make it abundantly clear that Plaintiff has a fundamental duty to bring forward expert testimony to support its case. I conclude that it would be inappropriate for me to take any action that would have the effect of relieving the Plaintiff from that duty. Accordingly, the Defendant's motion to depose the Plaintiff's expert is **GRANTED.** The deposition shall take place on or before August 17, 2007.

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

               s/ *Charles E Binder*
               CHARLES E. BINDER
Dated: August 17, 2007        United States Magistrate Judge

## CERTIFICATION

  I hereby certify that this Notice was electronically filed this date, electronically served on Grant Parsons and Thomas Bowen, and served on District Judge Ludington in the traditional manner.

Date: August 17, 2007       By   s/Jean L. Broucek
               Case Manager to Magistrate Judge Binder